UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-20999 |
| | ) | |
| TIMOTHY P. CORRIGAN, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER**[1] |

The United States trustee moved to review fees charged by petition preparer Art Gordon

aka Artrice Gordon, to require him to refund fees, and to impose sanctions.[2] At the February 23,

2010 hearing held on the motion, Lenore Kleinman appeared for the U.S. trustee. Mr. Gordon

did not appear.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by

the United States District Court for the Northern District of Ohio. This is a core proceeding

under 28 U.S.C. § 157(b)(2)(A).

## FACTS

I.

On November 19, 2009, the debtor Timothy Corrigan filed his chapter 13 bankruptcy

petition and an application to pay filing fee in installments, *pro se*.[3] The court granted the

---

[1] This opinion is intended for electronic publication, only.

[2] Docket 18.

[3] Docket 1.

application.  The debtor did not at that time file his schedules, statement of financial affairs, means test, chapter 13 plan, or certificate of credit counseling, all of which were due by December 4, 2009.  When the debtor did not meet that deadline, the court entered an order requiring him to appear on January 5, 2010 and show cause for his failures.[4]  At the hearing, the debtor stated that he had hired "attorney Art Gordon" to handle his bankruptcy case, for which he paid Mr. Gordon $750.00 before the case was filed.  Mr. Gordon prepared some bankruptcy documents for the debtor and instructed the debtor to file them himself.  The debtor stated further that he believed he had been "scammed" by Mr. Gordon.

The U.S. trustee (UST) then moved to review Mr. Gordon's fees.  When the debtor's case was dismissed for failure to prosecute, the court retained jurisdiction over the motion.[5]

## II.

The UST proffered these additional facts at the February 23, 2010 hearing:

Artrice Gordon is not an attorney.  He did not disclose in the court filings either his role in preparing the debtor's bankruptcy documents or the compensation that he received.  After discovering these facts, the UST made numerous attempts to contact Mr. Gordon via a phone number provided by the debtor and by mail, to no avail.  Finally, the UST mailed notice of his motion and the hearing via regular mail and Federal Express to Mr. Gordon at 2442 Grovewood Avenue, Parma, Ohio, 44134.  The Ohio Attorney General, who is in litigation with Mr. Gordon, provided this address.  The regular mail was not returned and records show that the Federal

---

[4] Docket 10.

[5] Docket 20.

2

Express mail was delivered.  Based on these facts, the court finds that Mr. Gordon was served with notice of the  motion and hearing.

## THE POSITION OF THE UNITED STATES TRUSTEE

The UST argues that Artrice Gordon violated §§ 110(i)(1)(A) and (B) by failing to disclose that he prepared the debtor's documents and failing to file a disclosure of compensation. Additionally, he contends that Mr. Gordon caused the debtor to violate federal rule of bankruptcy procedure 1006(b)(3) by accepting $750.00 in compensation before the debtor paid the final installment of the filing fee.  The UST asks the court to find that Mr. Gordon must pay the debtor $2,750.00 for these violations.

## ADDITIONAL FACTS AND DISCUSSION

The bankruptcy code defines a bankruptcy petition preparer as:

> (a)(1) [A] person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing; and
>
> (2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

11 U.S.C. §§ 110(a)(1), (2).  Because Mr. Gordon is a non-attorney individual who prepared the debtor's bankruptcy petition and application to pay filing fee in installments, he is a bankruptcy petition preparer subject to regulation under the code.

Bankruptcy code §§ 110(b) and (c) require individuals who serve as preparers to sign the documents they prepare, print their name and address, and provide their social security number. Additionally, § 110(b)(2)(B) requires preparers to inform debtors in writing that the preparer is

3

not an attorney and is not authorized to practice law or give legal advice. That document must be signed by the preparer and the debtor, and filed with the court. Mr. Gordon did not comply with any of these requirements. Moreover, he actively misrepresented to the debtor that he was an attorney.

Section 110(h)(2) requires a preparer to file a statement of compensation disclosing any fee received from or on behalf of the debtor and any unpaid fee charged to the debtor. Mr. Gordon did not file this disclosure.

General Order No. 05-3 of the United States Bankruptcy Court for the Northern District of Ohio "Maximum Allowable Fee Chargeable by a Bankruptcy Petition Preparer," sets a fee limit of $125.00 for the services of a bankruptcy petition preparer, unless the preparer files a written request for a higher fee. The $750.00 charged by Mr. Gordon is far in excess of this limit.

A bankruptcy petition preparer who violates § 110 or commits any act that is fraudulent, unfair or deceptive is subject to sanctions consisting of the debtor's actual damages, the greater of $2,000.00 or twice the amount paid by the debtor for the services, and reasonable costs and attorney fees. 11 U.S.C. § 110(i)(1). The court finds that Mr. Gordon's acts and failures to act, when viewed in combination, constitute fraudulent, unfair, and deceptive acts under § 110(i)(1). *See In re Evans*, 413 B.R. 315, 329 (Bankr. E.D. Va. 2009); *United States v. Coleman (In re Alloway)*, 401 B.R. 43, 45-46 (Bankr. D. Mass. 2009); *In re Jarvis,* 351 B.R. 894, 898 (Bankr. E.D. Tenn. 2006) (preparers were subject to sanctions under 11 U.S.C. § 110(i)(1) for many of the same violations committed in this case). Mr. Gordon is, therefore, ordered to pay $2,000.00 under § 110(i)(1)(B) and to disgorge his $750.00 fee as actual damages, for a total sanction of

$2,750.00 payable to the debtor.  Mr. Gordon is to pay the fees to the United States trustee within 10 days after the date on which this order is entered, and the United States trustee is to pay the funds over to the debtor.  A notice of payment is to be filed.

IT IS SO ORDERED.

Pat E. Morgenstern-Clarren
United States Bankruptcy Judge